UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-421-GWU

GARRY BRANDENBURG, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Garry Brandenburg originally brought Brandenburg v. Barnhart, London Civ. A. No. 04-193 (E.D. Ky) to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB). After a period of administrative reconsideration prompted by the Court's Order and Judgment of November 30, 2004),[1] it is again before the Court on cross-motions for summary judgment. .

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

---

[1]The plaintiff consented to a remand of the action upon the motion of the defendant. The Court did not issue a memorandum opinion in the action.

1

06-421 Brandenburg

2. Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled.  See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

06-421 Brandenburg

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

06-421 Brandenburg

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

4

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then

an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants

. . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).   Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley  v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Brandenburg, a 54 year-old[2] former navy medical technician  with a high school education, suffered from impairments related to right shoulder bursitis, arthritis in the right knee, atypical depression and alcohol abuse.  (Tr. 406, 409).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the

---

[2] Brandenburg was 54 at the time of the current denial decision on January 27, 2006. The plaintiff was born on February 27, 1951 and would have been 48 at the time of the expiration of his DIB-insured status on December 31, 1999.

residual functional capacity to perform a restricted range of medium level work.  (Tr. 413).  Since the available work was found to constitute a significant number of jobs in the national economy, he could not be considered totally disabled.  (Tr. 414).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 412-413).

The time frame applicable to this appeal is very important.  Brandenburg alleged a disability onset date of October 17, 1995 on his current DIB application, filed on April 17, 2002.  (Tr. 57).  The ALJ noted that the plaintiff had filed two earlier DIB applications.  The first was filed on January 13, 1994, denied initially, and not further pursued.  (Tr. 405).  The second was filed on January 18, 1996.  (Tr. 52-55). This application was denied in a decision dated June 27, 1996 with no further appeal taken.  (Tr. 27).  On the current claim, the ALJ considered these prior applications and declined to reopen them.[3]  (Tr. 405).  In the absence of a colorable constitutional claim, the undersigned has no jurisdiction to question this finding.  Califano v. Sanders, 430 U.S. 99, 107-108 (1977).  The ALJ also found that the claimant's DIB-insured status expired as of December 31, 1999.  Therefore, Brandenburg must prove he became disabled between June 28, 1996, the date after the final decision

---

[3]The Court notes that the ALJ also specifically declined to reopen the prior applications in the May 30, 2003 decision which was later reversed and remanded by the Court.  (Tr. 20).

on his most recent DIB application, and December 31, 1999 to qualify for Social Security Benefits.

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Linda Sparrow included such restrictions as (1) an inability to use the right upper extremity above shoulder level; (2) an inability to more than occasionally climb stairs; (3) an inability to perform fine manipulation with the right hand; (4) an inability to maintain attention and concentration for extended time periods; (5) a likelihood that he would be absent or tardy two days a month; and (6) a "moderate" limitation of ability to interact with co-workers or respond appropriately to changes in the work setting. (Tr. 452-453). In response, the witness identified a significant number of medium level jobs which could still be performed. (Tr. 453). Therefore, assuming that the vocational factors considered by Sparrow fairly depicted Brandenburg's condition during the relevant time period, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

Brandenburg has submitted a large number of medical records in support of his claim. Unfortunately for the plaintiff, the amount of evidence dated from the relevant time frame is quite sparse and consists of 10 pages of treatment notes from

06-421 Brandenburg

the Veteran's Administration Medical Center (VAMC) dated between August 12, 1997 and January 29, 1998. (Tr. 248-257). These treatment records do not reveal the existence of more severe mental or physical limitations than those presented to the vocational expert. Dr. John Rawlings (Tr. 309) and Dr. Lynell Dupont (Tr. 325) each reviewed the record and opined that it did not reveal the existence of "severe" impairments prior to the expiration of the claimant's DIB-insured status. Psychologist Ilze Sillers reached a similar conclusion with regard to the plaintiff's mental condition. (Tr. 310). The ALJ's findings were consistent with these opinions. These reports provide substantial evidence to support the administrative decision.

Brandenburg complains that the ALJ ignored the many medical records dated after his date last insured (DLI). This evidence consists of treatment records from the VAMC dated between January, 2000 and March, 2002 (Tr. 185-247), treatment notes from the Owsley County Medical Center dated between March and April of 2002 (Tr. 281-288), a report from the staff of Marcum and Wallace Hospital dated April 30, 2002 (Tr. 289), treatment records from the staff of the Family Practice Clinic dated between March and May of 2002 (Tr. 290-305), a report from the staff of Manchester Memorial Hospital dated May 28, 2002 (Tr. 306-307), a report from the staff of Marymount Medical Center dated October 29, 2002 (Tr. 326-337), treatment notes from Dr. Ashwini Anand dated between June, 2002 and November, 2002 (Tr. 338-349), a report from Marymount dated February 11, 2003 (Tr. 350-353),

treatment notes from the Family Practice Clinic dated between June, 2002 and February, 2003 (Tr. 354-361), the staff of the Heart Clinic dated from February, 2003 (Tr. 362-364), notes from the Family Practice Clinic dated from April, 2003 (Tr. 365), a letter from Dr. James Noble dated August 30, 2005 (Tr. 486-487), treatment notes from the VAMC dated between August, 2003 and July, 2004 (Tr. 492-498), treatment records from the Kentucky Hand Center dated between October and December of 2004 (Tr. 499-505), and treatment records from Dr. Noble dated between August and November of 2003 (Tr. 506-536). In particular, the claimant relies upon the opinion of Dr. Noble who noted that the plaintiff was 100 percent disabled. (Tr. 487). However, this opinion was issued more than four years after the claimant's DLI and the physician clearly relied upon medical problems such as coronary artery disease and pulmonary disease which had their onset well after the expiration of the plaintiff's DIB-insured status. (Tr. 487). The claimant also relies heavily upon a current Global Assessment of Functioning (GAF) rating of 47 and past year GAF rating of 45, issued by the staff at the VAMC in August of 2003. (Tr. 498). Such GAFs suggest the existence of "serious" psychological impairment according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Edition-Revised, 1994). Again, this finding was made well after the expiration of Brandenburg's DIB-insured status and the rating only "relates back" to August, 2002,

well after the DLI.  Since the post-DLI evidence does not "relate back" to the relevant time period, it was not binding on the ALJ.  Therefore, the Court finds no error.

Brandenburg also argues that the ALJ erred in failing to accord proper weight to a June 9, 2003 Department of Veterans Affairs (VA) finding that he was 100 percent disabled.  (Tr. 480-485).  This finding was made well after the expiration of his DIB-insured status, and was related to a deterioration in his condition after the DLI including mental difficulties as well as physical problems which arose <u>after</u> the DLI, such as coronary artery disease and tinnitus.  This rating was a revision of an earlier finding by the VA from March, 1993 when the claimant was given a 30 percent disability rating.  (Tr. 368-369).  This earlier finding would not suggest a totally disabling condition at that time and the ALJ's findings with regard to the pertinent time period are arguably compatible with this rating.  Therefore, the Court finds no error.

Brandenburg asserts that the ALJ erred in failing to accord proper weight to the evidence gathered in connection with his 1996 DIB application.  This evidence included treatment notes from the staff of Associates for Hand and Orthopedic Surgery dated between October, 1995 and January, 1996 (Tr. 143-156) and a report from Dr. Richard Johnson dated March 11, 1996 (Tr. 172-175).  In particular, the plaintiff asserts that the ALJ erred by failing to address the opinion of Dr. C.R. Combs of Hand and Orthopedic Surgery that he was "totally disabled."  (Tr. 155-

156).  The Court notes that the ALJ did make reference to the information from the Hand and Orthopedic Surgery staff in the May, 2003 opinion in this claim (Tr. 22) and that this discussion was incorporated by reference into the current opinion (Tr. 408).  Dr. Combs' opinion was issued during a time period when the claimant has already been found not to be disabled and this decision was not reopened by the ALJ.  Therefore, this earlier evidence was not binding on the administration.

Another major argument of Brandenburg concerns the fact that the evidence related to the denial of his 1994 DIB application was not incorporated into the record on his current appeal.  He asserts that Social Security Ruling 95-1p provides grounds for this application to have been reopened.  However, as noted by the defendant, this Ruling addresses situations before July, 1991, in which a claimant's notice did not indicate that the failure to file an appeal could result in the loss of benefits.  Thus, this Social Security Ruling has no application in the claimant's case. Furthermore, as previously noted, Brandenburg's current DIB application alleged a disability onset date of October 17, 1995.  Thus, he did not even request reopening of this earlier application.  While the plaintiff's representative did state that as a result of new evidence submitted into the record, the earlier applications might now be in play, the ALJ did not promise to reopen them but merely indicated he would consider the issue.  (Tr. 426-427).  Ultimately, the ALJ concluded that a reopening was not warranted and the undersigned has no jurisdiction to question this decision.

06-421 Brandenburg

Finally, Brandenburg notes that he submitted a number of Exceptions to the Appeals Council which were omitted from the current record and asserts that this error by the administration constitutes reversible error. The plaintiff has attached these Exceptions to his Memorandum of Law as Attachment A. If these documents had been included in the transcript as evidence before the Appeals Council, they could only have been considered by the undersigned for the limited purpose of a remand of the action for the taking of new evidence before the Commissioner pursuant to Sentence Six of 42 U.S.C. Section 405(g). Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993). Since these documents were submitted directly to the Court, the exact same standard applies. Therefore, any error on the part of the administration in failing to include them was clearly harmless.

A court may order additional evidence be taken before the Commissioner, "...but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding..." 42 U.S.C. Section 405(g). The statute provides that a claimant must prove that the additional evidence is both "material" and that "good cause" existed for its not having been submitted at an earlier proceeding. Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988). In order to demonstrate "materiality," a claimant must show that a reasonable probability exists that the Commissioner would have reached a different conclusion

14

if originally presented with the new evidence.  Sizemore, 865 F.2d at 711.  In the present action, while the plaintiff has asserted that these were important documents, he has not adduced specific arguments as to why this information was "material."  Therefore, the Court finds no grounds for a remand.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 20th day of July, 2007.

Signed By:

G. Wix Unthank

United States Senior Judge