UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-421-GWU

GARRY BRANDENBURG, PLAINTIFF,

VS: **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Garry Brandenburg brought this action to appeal from the negative administrative action on his application for Disability Insurance Benefits (DIB). In a Memorandum Opinion, Order and Judgment dated July 20, 2007, the undersigned affirmed the administrative denial decision. The plaintiff now seeks relief from judgment pursuant Rule 59(e) of the Federal Rules of Civil Procedure.

## DISCUSSION

Brandenburg argues that the ALJ erred in failing to reopen two earlier DIB applications which were filed in January of 1994 and January of 1996. These were both denied by the administration with the second denial decision becoming final on June 27, 1996. In the absence of a colorable constitutional claim, the undersigned had no jurisdiction to question these findings. Califano v. Sanders, 430 U.S. 99, 107-108 (1977). The plaintiff now asserts that the ALJ only paid lip service to the notion of reopening the prior applications and did not even obtain or review the prior files. The claimant argues that this administrative action raises to the level of a colorable constitutional claim sufficient to allow the

1

06-42 Brandenburg

Court to intercede.

The undersigned does not agree with Brandenburg's argument. The Sixth Circuit Court of Appeals has found that no due process violation occurred which would allow the Court to review the denial of a request to reopen even in a situation where the prior administrative file had been lost by the administration. Gosnell v. Secretary of Health and Human Services, 703 F.2d 216, 218 (6th Cir. 1983). "Simply couching in constitutional language what is in reality an argument, that the Secretary abused his discretion in refusing to re-open a claim, does not convert the argument into a colorable constitutional challenge." Ingram v. Secretary of Health and Human Services, 830 F.2d 67, 68 (6th Cir. 1987). Furthermore, as noted by the defendant, the ALJ actually had available to him considerable evidence relating to the earlier time periods for review. (Tr. 143-185, 488-491). This evidence obviously influenced his decision not to reopen the prior applications. Therefore, the Court must reject the plaintiff's argument.

Brandenburg asserts that the ALJ erred in failing to find that he did not suffer from a totally disabling mental impairment during the time period between June 28, 1996 and December 31, 1999 which was found to be relevant to the appeal.[1] The undersigned in the earlier Memorandum Opinion specifically found that the evidence pertinent to the relevant time period did not support the existence of more severe mental limitations than those found by the ALJ. The evidence cited in support of this claim by the plaintiff primarily consists of evidence dated well after the relevant time period such as an August, 2003

---

[1] The plaintiff's DIB-insured status expired on this date.

2

06-42  Brandenburg

Veteran's Administration Medical Center hospitalization.  As noted by the Court in the earlier opinion, Dr. James Noble's statement concerning disabled status was issued in August of 2005, well after the date last insured, and relied upon health problems which arose after the pertinent time frame such as coronary artery disease and pulmonary disease.  The claimant also cites evidence from before the relevant time such as a the fact that he was found to be 30 percent disabled in 1993 by the Veteran's Administration, due largely to mental problems. However, specific mental limitations were not noted and the ALJ's findings with regard to the relevant time period are arguably compatible. Therefore, the Court must reject Brandenburg's argument.

      Accordingly, the Motion for Relief from judgment is denied.

      This the 31st day of August, 2007.

**Signed By:**

*G. Wix Unthank*

**United States Senior Judge**